JOSEPH I. COOK, Receiver, *v.* THE PRESIDENT OF THE NEW YORK FLOATING DRY DOCK COMPANY.

Upon a trial by jury, the plaintiff had a verdict and in the entry thereof, judgment for him was ordered. The defendant moved for a new trial upon a case and exceptions at special term, and it was granted. The plaintiff appealed from this order and it was reversed at general term; the rule thereupon entered again ordering judgment. After this the plaintiff applied at special term for an extra allowance, which was granted. This order was, upon appeal, affirmed at general term. A rule was entered containing an order for judgment on the verdict, with interest and costs, stating the amount but not whether such order was made at general or special term. The defendant appealed to this court from the judgment and from the order at general term affirming the order for an extra allowance. *Held*, that the appeal was well brought, there having been an actual determination at the general term in a judgment of all the questions capable of litigation, and that a previous appeal to the general term from the judgment rendered at special term was unnecessary.

MOTION by the plaintiff to dismiss an appeal from a judgment of the New York Common Pleas. It was made on the ground that there had not been a determination of the case at a general term. The action was tried by jury, and there was a verdict for the plaintiff for $6,000. In the entry of the verdict in the minutes, it is added, that judgment therefor, with costs, is ordered. The defendant, on a case containing a statement of the evidence and numerous exceptions, moved for a new trial at a special term. The motion was granted, with costs to abide the event, and the plaintiff appealed to the general term. The general term reversed the order for a new trial; and it is stated, in the rule entered upon that decision, that judgment was ordered

for the plaintiff.    The next proceeding was a motion on the part of the plaintiff, at a special term, for an extra allow ance in addition to the taxable costs, which was granted to the extent of $125; an appeal was taken from this last order to a general term, where it was affirmed.    The rule then contains a formal order for judgment on the verdict, with $2,869.67 costs.    It is not stated whether this order was made at a general or special term, or before what judge or judges the court was held.    The defendant then appealed to this court; the notice of appeal stating that it was taken from the judgment, and from the order of the general term affirming the order for an extra allowance.

*J. H. Reynolds,* for the motion.

*J. K. Porter,* contra.

DENIO, J.    The question upon this motion is, whether the judgment appealed from can be said to be an actual determination made at a general term.    The issue in the case was one of fact, and that has been determined by the jury.    But the defendant alleged that errors had been committed upon the trial, and also that the verdict was not warranted by the evidence.    The Code directs that such questions shall be heard in the first instance at the circuit or special term, except in certain cases not material to be stated here.    It contemplates that judgment shall be rendered at the special term, for it provides that, in the excepted case of a direction, that exceptions be heard in the first instance at the general term; judgment shall be, in the meantime, suspended.    It follows that where such direction is not given, the judgment is to be pronounced at once, and is not to await the event of an appeal. (§ 265.)    Then, by section 349, orders granting or refusing a new trial may be taken by appeal to a general term.

In this case, the question whether there ought to have been a new trial on account of the rulings excepted to

or for the alleged want of conformity in the verdict to the evidence, has been passed upon by the general term, in conformity with these provisions. The defendant has therefore exhausted his opposition to the plaintiff's action in all the branches of the Court of Common Pleas. He has urged his defence in all the forms allowed by law in that court, and if he has any further resistance to interpose, it must be in this court. I consider that the judgment in this case was rendered at the special term, upon the coming in of the verdict. It remained to be perfected by the adjustment of the costs and the filing of a judgment roll ; and, if properly stayed, it had also to await the determination of the motion for a new trial before it could be executed by final process. It was not, however, in a situation to be appealed here until the motion for a new trial had been disposed of, not only at a special term but also at the general term. The only method of approaching the general term was by one of the parties appealing from the order which the special term had made on the case. If the special term had decided the questions arising on the case in favor of the plaintiff, the defendant could have appealed, and, if again unsuccessful, the case would have been ripe for an appeal here. The first decision on this case was in the defendant's favor, but it was reversed upon an appeal by the plaintiff. That course of adjudication equally terminated the defendant's struggle in the Court of Common Pleas.

It is suggested that there must be an appeal from the judgment rendered at the special term before the case can be brought to this court. But I think this cannot be maintained. After the verdict, the only questions which could possibly be litigated were those arising upon the case. These questions could not be presented to the general term by an appeal from the judgment, or in any other form than by an appeal from the order of the special term granting or denying the motion for a new trial. The jurisdiction of the general term has therefore been invoked

in the only manner possible, and in the precise form which the law requires. An appeal from the judgment would now be a pure formal proceeding. If any provision of the Code required it to be done, it could not be dispensed with, though we might not be able to discover its utility. But I am unable to find a mandate in the Code looking to the performance of such a ceremony. The Code gives an appeal here to reverse any actual determination made at a general term in a judgment. Here is an actual determination of all the questions capable of being litigated in the case after the issue of fact had been passed upon by the jury. It was not a final determination made upon an appeal from the judgment, it is true; but the Code has no language naming such a determination as a condition to an appeal. The determination which was made at general term exists in the judgment itself; for the determination was that the judgment was not impeachable upon any of the matters arising upon the case. The motion should be denied, with $10 costs.

JOHNSON, Ch. J., COMSTOCK, PRATT and ROOSEVELT, Js. concurred in this opinion; STRONG, SELDEN and HARRIS, Js., dissented, the former delivering the following opinion:

STRONG, J. The appeal from the order at general term, affirming the order at special term granting an allowance in addition to the taxable costs, is not authorized by the Code. The order does not belong to either class of orders, specified in section 11 of the Code, from which an appeal will lie to this court. It is not an order affecting a substantial right made in an action, in effect determining the action and preventing a judgment from which an appeal might be taken; nor an order granting a new trial; nor a final order, affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment. Those are the only orders from which an appeal to this court may be taken. (Code, § 11.)

If the order in question is reviewable by this court, it can only be done upon appeal from a judgment at general term in the action, when the court may "review any intermediate order involving the merits, and necessarily affecting the judgment." But I think such an order cannot be said to be an "intermediate order involving the merits," within the meaning of the provision conferring authority to review intermediate orders. (*Code*, § 11, *subd.* 1.) It was made after the merits of the cause of action had been decided, and does not affect the cause of action.

The appeal from the judgment in this case is also unauthorized by the Code, unless the judgment is a judgment at general term. The power of this court, in respect to the review of judgments upon appeal, aside from the review of intermediate orders, as above mentioned, embraces only every actual determination made at a general term by the Supreme Court, or the Court of Common Pleas for the city and county of New York, &c., in a judgment in an action therein. (*Code*, § 11.) In determining the question whether this judgment was given at general term, a brief review of the facts is important, in connection with a reference to several provisions of the Code bearing upon the subject. The trial of the action was by jury, and took place in February, 1852, when a verdict was rendered in favor of the plaintiff for $6,000. It was the duty of the clerk, upon receiving the verdict, to make an entry in his minutes, specifying, among other things, "the judgment rendered thereon, or an order that the cause be reserved for argument or further consideration;" and, if a different direction was not given by the court, "to enter judgment in conformity with the verdict." (*Code*, § 265.) He did, on the same day, enter an order reciting the trial and verdict, and directing judgment on the verdict, with costs. Judgment was not, however, actually entered, within the meaning of section 264, that is, perfected, so as to allow an appeal (*Code*, §§ 279, 280, 281; *Bank of Geneva* v. *Hotchkiss*, 5 *How. Pr.*

*R.,* 478), until the 7th of April, 1858.   In the meantime a
case was made for a new trial, on which, in March, 1855, at
a special term, a new trial was granted.   An appeal was
taken from the order to the general term, and on the 3d of
October, 1857, the order was reversed and judgment was
ordered for the plaintiff.   On the 17th of October, 1857, on
motion by the plaintiff at special term, an allowance beyond
the taxable costs was granted.   This order, on appeal to the
general term, was affirmed on the 3d of April, 1858.   On
the seventh of that month an order was entered, reciting
the trial and verdict, and stating that, on motion of the
plaintiff's attorney, "it is ordered that the plaintiff re-
cover against the said defendants said sum of $6,000, with
$2,869.67 interest and costs, making, in all, the sum of
$8,869.67.   This is the judgment from which the appeal
is taken.   There is nothing upon the face of it expressing
whether it is a judgment at general or special term.   But
I think it entirely clear that it was, and should be so re-
garded, a judgment at special term.   Judgment had not
before been entered at special term on the verdict; the re-
quirement of the Code, in the absence of a special direction
by the court to the contrary, that "the clerk must enter
judgment in conformity with the verdict," by which, as
above stated, must be understood to perfect judgment on
the verdict, remained to be complied with; and the general
term had no authority, in the condition of the action at that
time, to render a judgment therein.   By section 278 of the
Code, judgment upon an issue of law or of fact, except
when it may be given at general term, as provided in sec-
tion 265, "shall, in the first instance, be entered upon the
direction of a single judge or report of referees, subject to
review at the general term."   The only cases in which judg-
ment may be given at general term in the first instance, in
actions, are those specified in section 265, where exceptions
are first heard at the general term, in pursuance of direc-
tions at the trial by the judge trying the cause, the judg-

Cook *v.* The New York Floating Dry Dock Company.

ment in the meantime being suspended; and when, at the trial, a verdict is directed subject to the opinion of the court at the general term. When a controversy is submitted without action, it is to be heard and determined at a general term, and judgment is to be there given. ( *Code,* § 372.) In every other case judgment must first be rendered at the special term, and no judgment can be rendered at general in the case except upon appeal from that judgment. The theory of the Code is, that the power of the general term, in regard to giving judgment, is strictly appellate. No doubt would exist but that the judgment in this case is a judgment at special term, but for the clause of the order at general term, on reviewing the order for a new trial, "and judgment ordered for the plaintiff." This should not be construed to mean what the general term had no right to do, but rather be understood as announcing that any stay of proceedings there might be, in reference to the appeal from the order, was at an end and directing the clerk to proceed according to law. It was unnecessary and wholly superfluous, and could properly have no legal operation.

There is another view of the subject which appears to be conclusive on the question now under consideration. The Code allows an appeal to be taken to the general term from an order made at special term, in a variety of cases, and among others where an order "grants or refuses a new trial, or where it sustains or overrules a demurrer." ( *Code,* § 349.) This appeal must be taken within thirty days after written notice of the order. ( *Code,* § 332.) It also provides that an appeal upon the law may be taken to the general term from a judgment entered upon the report of referees, or the direction of a single judge of the same court in all cases, and upon the fact, when the trial is by the court or referees. ( *Code,* § 348.) This appeal cannot be taken until the judgment has been not only rendered, but perfected by having the costs adjusted and the roll filed; and must be taken within thirty days after written notice

thereof. ( *Code,* § 332; *Bank of Geneva* v. *Hotchkiss, before cited.*) The policy of the Code, as directly and plainly expressed, is to allow parties, in all cases not specially excepted, the benefit of a full trial and decision of the case at special term ( *Code,* §§ 255, 265) : a decision at a special term, upon a motion for a new trial, in cases of issues of fact (§ 264); and, in addition, the benefit of a review as to certain orders at general term (§ 349): and, after judgment is perfected, an appeal to the general term from the judgment (§ 348): also, a review by this court of the determination at general term, on appeal from orders in certain cases, and in judgments at general term in all cases. (§ 11.) This policy, and the express provisions of the Code to that effect, would, in respect to a full determination of the case at special term, be materially infringed by treating the judgment in question as a judgment at general term. The consequence would be that no judgment has been entered in the case at special term from which an appeal might be brought. The defendants have been deprived of the opportunity and right to present any questions at special term as to the judgment to be entered. And the duty has been cast upon the general term to decide, as an original question, as to the relief to which the plaintiff is entitled. It cannot be seen that in this particular case the injustice to the defendants, or the labor imposed upon the general term, has been considerable; but if this judgment may be treated as a judgment at general term, a similar practice to that pursued in this case may be followed in all cases occupying a similar position; the general term may, in every case of reversal of an order granting a new trial, or overruling a demurrer to an answer, order and render final judgment. Cases are constantly arising where, after verdict or a decision of a demurrer, important questions remain to be decided, as to the nature, form and measure of the relief to be administered, of much doubt and difficulty. All these questions must be determined before judgment can be perfected so as

to permit an appeal, and it is contemplated by the Code that they will be settled at special term. If the practice in this case is admissible, those questions may, in all like cases as to the course of proceeding, be taken from the special term, the parties deprived of the right to a decision upon them there, and they be thrown upon the general term to be there first determined. The motion for a new trial or a demurrer, in many cases where special relief is sought, does not necessarily involve any of these questions, but only the question of title to any relief; the kind and measure of relief may not be a subject for consideration until after the title to relief is decided; and it becomes necessary to enter the judgment. They would not only have to be determined in the first instance at general term, but this determination would be made without the benefit to the parties, or aid to the court, of any other than the brief argument which might be had on the settlement of the form of the judgment.

If the reversal, on appeal to the general term, of an order for a new trial, included an actual determination of all the questions in a case, there would seem to be no good reason for withholding from the general term authority to render a final judgment in the case; but, nevertheless, if the legislature had done so their mandate would have to be obeyed. It has been seen, however, that frequently by no means all the questions in a case will be involved in such an appeal, and that consideration proves the propriety of affording an opportunity, at special term, to present and have such questions decided, and allowing them to come before the general term only on appeal. That is done by the requirement of the Code, that judgment be entered at special term in the first instance; thereby virtually declaring that the judgment upon an appeal from an order must be limited to the subject matter of the order.

It is suggested that, viewing the judgment in this case as a judgment at special term, all the questions involved in the case have been determined at general term, and the determi-

nation exists in the judgment; and, therefore, the case is brought within section 11 of the Code, conferring jurisdiction upon this court to review, upon appeal, every actual determination made at a general term in a judgment. There are two answers to this suggestion: First, the general term has not, in fact, made any determination as to the judgment to which the plaintiff is entitled; it has simply decided that the verdict must stand; and the question whether the verdict should be set aside or sustained was the only one before the general term, on the appeal from the order. It did not, on appeal from the order, and had no power to, adjudge the relief to be given. The circumstance that, in this case, there was probably no room for doubt as to the proper relief, cannot affect the question whether the appeal taken to this court is regular. The regularity of the appeal cannot be maintained unless the general term might and has determined in regard to the relief, as well as other questions in the case. The whole case must have been passed on and finally disposed of as to the Supreme Court. Cases belonging to the same class as the present, and to which the same practice would be applicable, may, and often do, as has been already observed, involve important questions relating to the kind, measure and terms of relief, which do not arise until after the decision, on the appeal from the order on a motion for a new trial or a demurrer, that the plaintiff is entitled to recover. And the question before the court must be decided in reference to this entire class of cases. Second. Section 11 referred to, contemplates an actual determination in a judgment at general term; an actual determination at general term in pronouncing the judgment; which can only be on appeal, or, in special cases, where the general term may give judgment. If it was otherwise, and the suggestion under consideration was sound, the appeal would be from the judgment at special term directly to this court, which is not warranted anywhere in the Code

Cook *v.* The New York Floating Dry Dock Company.

An appeal from the judgment at special term to the general term, in cases situated like the present, will often, and usually, involve questions already determined at general term, but as to such questions an appeal would generally be merely formal, the court, on appeal, would not permit such questions to be discussed, unless under peculiar circumstances, but would limit the argument to questions which had not there been considered. As to the delay which would be produced, it is unavoidable, without encountering greater evils; and, besides, another answer is, that the legislature have so directed.

We are referred, by the appellants, to several cases in 3 *Kernan* as cases exactly similar to the present, in which appeals have been entertained. (*St. John* v. *The American Mutual Insurance Company*, 35; *Hall* v. *Gould*, 131; *Noel* v. *Murray*, 169; *Renard* v. *Hargous*, 262; *Van Rensselaer* v. *Snyder*, 302; *Bank of Genesee* v. *Patchin Bank*, 312; *Van Vechten* v. *Pruyn*, 549.) All but one of these are cases where the general term was authorized to and did render judgment under section 265, and in the other the general term had like authority and gave judgment under section 372 of the Code. The court may have heard appeals in cases like the present, where the question now presented was not raised, but it is believed that the practice has not otherwise been sanctioned by this court.

The result of this reasoning is, that the appeal is not from an actual determination at general term in a judgment, and, therefore, will not lie.

The motion to dismiss the appeal should be granted with $10 costs.

Motion denied.